IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAKE J. DAVIDSON, | : | |
| Plaintiff | : | Case No. 2:06-cv-74 |
| v. | : | Judge Frost |
| REGINALD A. WILKINSON, et al., | : | Magistrate Judge Abel |
| Defendants | : | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on plaintiff Jake J. Davidson's February 14, 2006 motion for a preliminary injunction (doc. 6). Davidson is an inmate at the Southeastern Correction Institution ("SCI"). In a previous lawsuit, Davidson brought suit against a number of prison officials alleging that they were violating his civil rights by forcing him to cut his beard which conflicted with his religious beliefs. Davidson and the defendants entered into a settlement agreement, which granted Davidson a religious exemption to the prison grooming policies. In this current lawsuit, Davidson alleges that defendants have violated the settlement agreement on two occasions, and he fears that defendants will continue to violate the agreement. He seeks an injunction to restrain defendants from any further violations.

There are four factors a court uses when deciding whether to issue a preliminary injunction:

1

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

*McPherson v. Michigan High Sch. Athletics Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997)(*en banc*)(quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000).

In Davidson's complaint, he states that the first alleged violation occurred during the pendency of the first case, before any settlement had been reached. The second alleged violation occurred on the day that Davidson signed the settlement agreement. Davidson further states, that Campbell, the official that ordered Davidson to cut his hair on both dates, should have known about the pendency of the case and should have asked the status of the litigation before ordering Davidson to cut his hair.

Davidson has failed to show that he is likely to succeed on the merits of his claim as is necessary to be awarded a temporary injunction. The settlement agreement was entered into on August 26, 2005, and it grants Davidson a religious exemption from the grooming policies so long as no security issues arise. However, Davidson has not shown or alleged any violations of the settlement agreement. The first alleged violation occurred before Davidson was granted the exemption. The second occurred the day the settlement was reached. Davidson has not pleaded that any violations have occurred since the execution of the settlement agreement. There is simply no conduct on the part of defendants to be enjoined. Accordingly, it is **RECOMMENDED** that Plaintiff Jake J.

Davidson's February 14, 2006 motion for a preliminary injunction (doc. 6) be **DENIED.**

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/ Mark R. Abel
United States Magistrate Judge