IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAKE J. DAVIDSON, | : | |
| Plaintiff | : | Case No. 2:06-cv-74 |
| v. | : | Judge Frost |
| REGINALD A. WILKINSON, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on defendants' March 15, 2006 motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failing to state a claim upon which relief may be granted (doc. 13). Plaintiff Jake J. Davidson, an inmate in the care of the Ohio Department of Rehabilitation and Corrections ("ODRC"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, a number of prison officials, have violated his constitutional rights by failing to enforce a settlement agreement entered into in another case and that defendants have failed to provide him with a diet that is consistent with his religious tenets. Defendants argue that the complaint must be dismissed because any alleged breach of the settlement agreement is res judicata, and Davidson's claim, that he is being denied a diet consistent with his religious tenets, is actually a claim for money damages that must be brought in Ohio's Court of Claims.

1

**I. Background.**

Davidson, a Hanafi Muslim, brings this suit for violations of his free exercise rights as protected by the first and fourteenth amendments. He names the following prison officials as defendants: Reginald Wilkinson, Reverend Gary Sims, Mark Saunders, Richard Chuvalas, D. Cunningham, James Campbell, and Correctional Officer Delong. Davidson's first claim for relief arises out of a settlement agreement that was entered into in an earlier filed July 2003 lawsuit also brought against a number of prison officials.

In that lawsuit, Davidson challenged the prison system's grooming policy arguing that it forced him to cut his beard in violation of his fundamental religious beliefs.[1] He maintained that his religious faith required him to grow his beard to a length equal to the width of his fist. In August 2005, the parties entered into a settlement agreement. It exempts Davidson from the prison grooming policy so long as no security issues arise. A stipulation of dismissal was filed on September 8, 2005. In this lawsuit, Davidson alleges that defendants have violated the settlement agreement on two occasions by ordering him to cut or trim his beard. There is no allegation that defendants, in fact, forced him to cut his beard.

The first alleged violation occurred during the pendency of the earlier suit and before the settlement was reached. The second alleged violation occurred the same day

---

[1] This earlier filed lawsuit, *Davidson v. Wilkinson*, et al., Case No. 02:03-cv-611, was also filed in the United States District Court for the Southern District of Ohio.

that the settlement agreement was executed. Although he knew about the settlement, he did not inform the officer who ordered him to trim or cut his beard, Lt. James Campbell, of it. Plaintiff argues that defendants, in the earlier filed suit, should have told the officers at the prison where we was incarcerated about the settlement and its terms. Alternatively, plaintiff argues that Lt. Campbell, who knew about the lawsuit, should have asked about its status before ordering him to cut or trim his beard. Defendants do not dispute that Davidson was ordered to cut his beard on these two occasions.

Davidson's second claim is that defendants are denying him a diet consistent with his religious beliefs by not allowing him to have canned food items sent to him even though the prison's commissary sells canned food items.

## II. Standard for Dismissal Pursuant to 12(b)(6).

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean*

3

*Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980).  Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail.  *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn v. Tennessee*, 697 F.2d 121, 125 (6th Cir. 1983). Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

**A. Breach of the Settlement Agreement.**

Davidson claims that defendants have breached the settlement agreement when on two occasions Davidson was ordered to cut or trim his beard. However, Davidson

5

does not allege that he actually cut or trimmed his beard on either one of these occasions. The first alleged breached occurred during the pendency of the litigation and prior to the parties entering into the settlement agreement. Regardless of whether Davidson was actually forced to cut or trim his beard, defendants could not have breached an agreement that had not yet been reached. Further, the executed settlement agreement states

### 2.  RELEASE OF CLAIMS

> Upon Defendants' payment of the obligation set forth in Section 1, Plaintiff releases and forever discharges Defendants in their individual capacities from any and all claims, demands, actions, and causes of action that arise out of the events giving rise to the Litigation.

Pursuant to this provision, any breaches or violations that occurred with respect to the grooming policy as applied to Davidson were released upon execution of this settlement agreement. Accordingly, Davidson's claim for an alleged breach occurring before the execution of the settlement agreement must be dismissed.

The second alleged breach occurred the day the settlement agreement was executed. The pleadings do not state at what time of day the settlement agreement was entered into or when during that same day Davidson was ordered to cut or trim his beard. However, the fact remains that Davidson has not pleaded a breach of the agreement because he has not alleged that he was forced to cut or trim his beard in violation of the agreement. Even when construing all of Davidson's factual allegations as true, he has failed to allege a violation of the settlement agreement. Davidson's

claims for any alleged breach of the settlement agreement must be dismissed. It should also be noted that Davidson has a duty to act in good faith, this would include telling prison officers or officials, who may be unaware of the settlement agreement, that he is exempted from the grooming policy.

**2. Failure to Allow Canned Food Items.**

Defendants argue that this claim must be dismissed because Davidson is seeking money from the State of Ohio for canned food items that have been confiscated during his incarceration and that this claim must be brought in the Ohio Court of Claims. Davidson states that he is not seeking money damages for confiscated food items. Instead, he argues that he wants defendants to provide him with a diet consistent with his religious beliefs. He maintains that the way to do this is to allow him to have canned items mailed to him at the prison. However, Davidson's complaint does not contain any information regarding what steps, if any, he took to exhaust his administrative remedies with regard to this claim.

Inmates are required to exhaust their administrative remedies in accordance with 42 U.S.C. §1997e(a). The exhaustion requirement is mandatory and must be addressed by the district court in the first instance. *Curry v. Scott*, 249 F.3d 493, 501 (6th Cir. 2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Prisoners filing suit pursuant to §1983 "must allege and show that they exhausted all available state administrative remedies." *Toombs*, 139 F.3d at 1104. Ideally, a prisoner should attach to his §1983 complaint the administrative decision showing the disposition of his complaint. *Id*. At

a minimum, a prisoner must set forth particularized averments sufficient for the district court to determine what claims have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Smith v. Shelby County*, No. 01-59399, 2002 WL 509519 (6th Cir. Apr. 2, 2002).

Ohio provides for an inmate grievance procedure by which inmate grievances are investigated and resolved by an inspector of institutional services. Ohio Admin. Code §5120-9-31(H). It is a three step process: (1) the prisoner must first file an informal complaint within 14 days of the event giving rise to the claim, the complaint must be filed with the director or department most directly responsible for the event; (2) 14 days after a response to an informal complaint or waiver by the responsible prison officials, the inmate may, if he so chooses, file a notification of grievance with the inspector of institutional services to which the inspector will respond; and (3) in the final step, within 14 days of the inspector's response to the inmate's notification of grievance determination, "if the inmate is dissatisfied with the disposition of [his] grievance, [he] may request an appeal from the inspector of institutional services." O.A.C. 5120-9-31(J). Furthermore, the ODRC provides all the proper forms necessary to follow this administrative procedure. *Id.* Only after these three steps have been taken, has an inmate exhausted his administrative remedies.

Prisoners must do more than file an initial grievance to exhaust remedies under §1997e(a). The exhaustion requirement means that *all* administrative remedies must be exhausted. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). If the grievance is denied

8

initially, the prisoner must, within the time frame required by the administrative regulations, proceed on to the next step of the prison grievance procedure. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). An Ohio prisoner using the grievance remedies available under O.A.C. §5120-9-31 must, within five working days of the disposition of his grievance, appeal to the Chief Inspector. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); O.A.C. §5120-9-31(H)(8). If he fails to do so, the prisoner has not exhausted his prison administrative remedies as required by §1997e(a). *Freeman*, 196 F.3d at 645.

Davidson's complaint does not include any allegations stating what attempts, if any, he made to exhaust his administrative remedies. Further, attached to his motion in response to defendants' motion to dismiss, Davidson attached a number of Informal Complaint Resolution forms as exhibits. None of these Informal Complaints state that Davidson was being denied a diet consistent with his religion because canned goods could not be mailed to him. Consequently, this Court cannot hear this claim because Davidson has not shown or pleaded exhaustion of his administrative remedies.

**III. Conclusion.**

I **RECOMMEND** that defendants' March 15, 2006 motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failing to state a claim upon which relief may be granted (doc. 13) be **GRANTED** and plaintiff's complaint should be **DISMISSED**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court,

9

specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/ Mark R. Abel
United States Magistrate Judge