# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JAKE J. DAVIDSON,**

      **Plaintiff**,

v.

**REGINALD A. WILKINSON,** *et al.***,**

      **Defendants.**

Case No. 2:06-cv-74
**JUDGE GREGORY L. FROST**
**Magistrate Judge Mark R. Abel**

## OPINION AND ORDER

This matter is before the Court for consideration of plaintiff Jake J. Davidson's June 7, 2006 objection to the Magistrate's Report and Recommendation that recommended denying his request for a preliminary injunction.  (Doc. # 25.)  Also before the Court is Davidson's June 7, 2006 objection to the Magistrate Judge's May 24, 2006 Report and Recommendation recommending the dismissal of his complaint.  (Doc. # 26.)

### I. Background

Davidson, a former inmate at the Southeastern Correction Institution ("SCI"), brought a previous lawsuit against a number of prison officials alleging that they were violating his civil rights by forcing him to cut his beard in violation of his Muslim religious beliefs.[1]  Davidson and the defendants entered into a settlement agreement, which granted Davidson a religious exemption to the prison grooming policies.

---

[1] At the time of filing this action, Davidson was an inmate at SCI.  However, in defendants' response to Davidson's objections, defendants state that Davidson is now housed at the Noble Correctional Institution.

In this current lawsuit, the complaint alleges that defendants violated the settlement agreement. The complaint also alleges that defendants have repeatedly denied Davidson's request "that he be given a diet that do[es] not violate the basic tenets of his religion." (Doc. # 3, at 6.) Finally, the complaint challenges a prison directive that prohibits persons on prisoners' approved visitors lists from including canned food items in food boxes they send prisoners.

The Magistrate Judge reasoned that Davidson had failed to allege facts sufficient to establish a breach of the agreement and that he was therefore unable to show that he was likely to succeed on the merits, one of the four factors necessary for the issuance of an injunction. The Magistrate Judge also recommended dismissing the remaining claims because Davidson had not exhausted his administrative remedies for any actionable claims.

## II. Discussion

### A. Breach of the Settlement Agreement

In the motions objecting to the Magistrate Judge's Report and Recommendations, Davidson argues that the Magistrate Judge failed to consider his allegation that officer Delong breached the settlement agreement by ordering Davidson to cut his beard after the execution of the settlement agreement. Rather, the Magistrate Judge only considered Davidson's breach allegations that occurred before the execution of the settlement agreement.

There are four factors a court uses when deciding whether to issue a preliminary injunction:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

*McPherson v. Michigan High Sch. Athletics Ass'n, Inc.,* 119 F.3d 453, 459 (6th Cir. 1997) (*en*

*banc*) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.,* 64 F.3d 1026, 1030 (6th Cir. 1995)); *see also Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000).

Davidson has failed to show that he is likely to succeed on the merits of this claim. He alleges that officer Delong ordered him to cut his beard sometime after the execution of the settlement agreement. The Magistrate Judge concluded in his Report and Recommendation that the fact that the order was issued does not mean that Davidson was forced to cut his beard. But even if the Court were to assume that Davidson were required to cut his beard, Davidson has not alleged a sufficient threat of future injury that would require the issuance of a preliminary injunction.

Additionally, Davidson failed to exhaust his prison administrative grievance remedies as to his claim against Delong as required by 42 U.S.C. § 1997e(a).[2] He did file a grievance against Delong in January 2006,[3] but Davidson has offered no evidence that he pursued that grievance through a decision by the Institutional Inspector and a decision by ODRC's Chief Inspector.

### B. Canned Food and Religious Diet

Davidson's complaint alleges that defendants implemented a policy that prohibited him from having canned food items in the prison. The Magistrate Judge recommended dismissing any claims that related to confiscation of the canned items because Davidson has not exhausted his prison administrative grievance remedies as required by the Prison Litigation Reform Act ("PLRA"). Davidson states that he did exhaust his administrative remedies.

---

[2] See discussion below about Ohio's prisoner grievance procedures.

[3] Davidson filed no grievance about this incident that named any defendant other than Delong.

3

Inmates are required to exhaust their administrative remedies in accordance with 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and must be addressed by the district court in the first instance. *Curry v. Scott*, 249 F.3d 493, 501 (6th Cir. 2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Prisoners filing suit pursuant to § 1983 "must allege and show that they exhausted all available state administrative remedies." *Toombs*, 139 F.3d at 1104. Ideally, a prisoner should attach to his § 1983 complaint the administrative decision showing the disposition of his complaint. *Id.* At a minimum, a prisoner must set forth particularized averments sufficient for the district court to determine what claims have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Smith v. Shelby County*, No. 01-59399, 2002 WL 509519 (6th Cir. Apr. 2, 2002).

Ohio provides for an inmate grievance procedure by which inmate grievances are investigated and resolved by an inspector of institutional services. Ohio Admin. Code § 5120-9-31(H).[4] It is a three-step process: (1) the prisoner must first file an informal complaint within 14 days of the event giving rise to the claim, and the complaint must be filed with the director or department most directly responsible for the event; (2) 14 days after a response to an informal complaint or waiver by the responsible prison officials, the inmate may, if he so chooses, file a notification of grievance with the inspector of institutional services to which the inspector will respond; and (3) in the final step, within 14 days of the inspector's response to the inmate's

---

[4] A separate procedure is provided for grievances against a warden or an inspector or institutional services. The grievance must be filed directly with the Chief Inspector within 30 days of the even complained about. The grievance "must show that the warden or inspector of institutional services was personally and knowingly involved in a violation of law, rule or policy, or personally and knowingly approved or condoned such a violation." Ohio Admin. Code § 5120-9-31(L).

notification of grievance determination, "if the inmate is dissatisfied with the disposition of [his] grievance, [he] may request an appeal from the inspector of institutional services." Ohio Admin. Code § 5120-9-31(J). Furthermore, the ODRC provides all the proper forms necessary to follow this administrative procedure. *Id.* Only after these three steps have been taken, has an inmate exhausted his administrative remedies.

A prisoner must fully exhaust his administrative grievance remedies for each federal claim and for each defendant. If a defendant is not named in a grievance, the prisoner has failed to exhaust his prison administrative remedies as to that defendant. *Bell v. Konteh*, 450 F.3d 651, 653-54 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).[5]

The complaint names the following defendants: Reginald Wilkinson; Reverend Gary Sims; Warden Mark Saunders; Richard Chuvalas; D. Cunningham; James Campbell; and Officer Delong. Davidson has attached a number of exhibits to his complaint and his objections to the Magistrate Judge's Report and Recommendation to support his assertion that he has exhausted his administrative remedies for his claims that he has not been given a religious diet and that the prison's policy of prohibiting prisoners from receiving canned food is improper. On September 25, 2005, Davidson grieved the prison directive prohibiting canned food items from being included in prisoner food boxes. He wanted to see the regulation banning canned food items, and he wanted to be paid for the cans from his food box that were opened. No defendants were named in the grievance. On November 3, 2005, the Inspector of Institutional Services determined that prison regulations prohibited canned items in food boxes. It denied

---

[5] The United States Supreme Court recently granted certiorari in a case involving the specific identification of defendants in grievances and the total exhaustion issue. *See Williams v. Overton*, _____ U.S. _____, 126 S. Ct. 1463 (Mar. 6, 2006).

reimbursement for opened cans because Davidson had not provided his package list with the prices of the items opened. Davidson appealed to the Chief Inspector. On January 12, 2006, the Chief Inspector affirmed the Inspector of Institutional Services's disposition of the grievance. The Chief Inspector noted that if Davidson wanted to grieve the Warden's actions, he had to file a grievance that complied with Ohio Admin. Code § 5120-9-31(L).

Davidson also apparently requested a religious diet from the Chaplain/ Supervisor of Institution Religious Services, but he has not provided the Court with a copy of his request. He has provided a September 14, 2005 decision of Mark H. Sanders denying his request to have a Muslim religious diet. It references a decision by ODRC's Central Office, which also has not been provided to the Court.

Davidson has shown that he did attempt to exhaust a claim that he was being prevented from having canned food items sent to him in prison. However, that allegation does not state a claim under 42 U.S.C. § 1983 for a violation of his constitutional rights. An inmate does not have a constitutionally protected right to possess canned food items, but only to adequate due process in the deprivation of his property. In his response to defendants' motion to dismiss, Davidson concedes that he has been repaid for any confiscated canned food items. Consequently, Ohio law appears to have provided him with a remedy for the deprivation of his property interest in the opened cans of food, and Davidson has not pled that the state remedy is inadequate. *See Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983) (explaining that "the negligent deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong" and that "in order to state a claim for relief in federal court under section 1983, a plaintiff must show that available state procedures were not

adequate to compensate him for the deprivation of his property").

In regards to the aspect of Davidson's action that he was denied a religious diet, Davidson has failed to demonstrate that he has exhausted his prison administrative grievance remedies. He failed to provide the Court with his request for a Muslim religious diet or with the complete record of ODRC's consideration of that request. Further, the allegations in the complaint are at best conclusory. The complaint does not describe the nature of his religious dietary beliefs. Neither the complaint nor plaintiff's other filings with the Court identify a specific sincerely held religious belief "of deep religious conviction, shared by an organized group." *Wisconsin v. Yoder*, 406 U.S. 205, 216 (1972); *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987).

### III.  CONCLUSION

Plaintiff Jake J. Davidson's June 7, 2006 objections (Doc. # 25) to the Magistrate's May 16, 2006 Report and Recommendation that recommended denying his request for a preliminary injunction are **OVERRULED**. The Magistrate Judge's May 16, 2006 Report and Recommendation (Doc. # 17) is **AFFIRMED** and **ADOPTED** on the grounds discussed herein, and Plaintiff's February 14, 2006 motion for a preliminary injunction (Doc. # 6) is **DENIED**.

Davidson's June 7, 2006 objection (Doc. # 26) to the Magistrate Judge's May 24, 2006 Report and Recommendation recommending the dismissal of his complaint is **OVERRULED**. The Magistrate Judge's May 24, 2006 Report and Recommendation (Doc. # 21) is **AFFIRMED** and **ADOPTED** on the grounds discussed herein, and the Rule 12(b)(6) motion to dismiss (Doc. # 13) is **GRANTED**.

This action is **DISMISSED**. The Clerk is instructed to terminate this case upon the

docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/  Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE